UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANEL DICKSON,<br><br>     Plaintiff,<br><br>     v.<br><br>TESLA ENERGY OPERATIONS, INC., and others,<br><br>     Defendants. | Case No. 22-cv-01720 NC<br><br>**ORDER TO SHOW CAUSE RE: REMOVAL**<br><br>RE: ECF 1 |

Defendants Tesla Energy Operations, Inc. and Tesla Inc. removed this case from Santa Clara County Superior Court on March 17, 2022, on the asserted basis of this Court's diversity jurisdiction, 28 U.S.C. § 1332. ECF 1, Notice of Removal. In the Notice of Removal, Tesla asserted that a third defendant, Kenny Griffin, was a citizen of California. ECF 1 at p. 4.

The Notice of Removal did not address 28 U.S.C. § 1441(b)(2). That statute provides that a civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Here, this action is brought in California, which is the same state of citizenship as defendant Griffin. The Court lacks information as to whether Griffin was served at the time of removal.

A second issue is whether a defect in removal under 28 U.S.C. § 1441(b)(2) is procedural or jurisdictional. If procedural, it may be waived. *E.g.*, *Lively v. Wild Oat Markets*, 456 F.3d 933, 939-40 (9th Cir. 2006).

Accordingly, defendants are ordered to address the applicability and enforceability of 28 U.S.C. § 1441(b)(2) in a brief not to exceed 5 pages, by June 1, 2022. Plaintiff Dickson may respond by June 8. If removal was improper and the defect is jurisdictional, the Court will remand the case back to Superior Court. The Court needs to be sure that subject matter jurisdiction is satisfied before it rules on the pending motion to compel arbitration.

**IT IS SO ORDERED.**

Dated: May 25, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge