**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
Email: mmatern@maternlawgroup.com
JOSHUA D. BOXER (SBN 226712)
Email: jboxer@maternlawgroup.com
CLARE E. MORAN (SBN 340539)
Email: cmoran@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**MATERN LAW GROUP, PC**
COREY B. BENNETT (SBN 267816)
Email: cbennett@maternlawgroup.com
1330 Broadway, Suite 436
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901

Attorneys for Plaintiff
SHANEL DICKSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANEL DICKSON, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TESLA ENERGY OPERATIONS, INC., a Delaware corporation; TESLA, INC., a Delaware corporation; KENNY GRIFFIN, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 5:22-cv-01720-NC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONFIRM FINAL ARBITRATION AWARD**<br><br>Judge: Hon. Nathanael Cousins<br><br>Date:　　　October 2, 2024<br>Time:　　　11:00 a.m.<br>Crtm.:　　　Courtroom 5, 4th Floor<br>　　　　　　280 South 1st Street<br>　　　　　　San Jose, California 95113<br><br>Action Filed: January 27, 2022<br>Removal Filed: March 17, 2022 |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

PLAINTIFF'S NOTICE OF MOTION AND
MOTION TO CONFIRM ARBITRATION AWARD
5:22-CV-01720-NC

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2024, at 11:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff Shanel Dickson will present the Motion to Confirm Arbitration Award before the Honorable Nathanael Cousins at the United States District Court for the Northern District of California, Courtroom 5, 4th Floor, 280 South 1st Street, San Jose, California 95113

Plaintiff moves the Court for an order confirming the arbitration award issued in her favor. The motion is based on this notice, the accompanying memorandum of points and authorities, the declaration of Corey B. Bennett in support thereof, and all other papers and pleadings on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Shanel Dickson ("Plaintiff" or "Dickson") moves to confirm the arbitration award issued in her favor.

Plaintiff was employed by Defendants Tesla Energy Operations, Inc., and Tesla, Inc. (collectively "Defendants" or "Tesla") as a solar roofer, and supervised by former defendant Kenny Griffin, in the Bay Area. The award stems from an action filed on January 27, 2022, in the Superior Court for the County of Santa Clara (the "Action") alleging claims under the Fair Employment and Housing Act ("FEHA") for race and gender based harassment and discrimination, among others. The Action was removed to this Court on March 17, 2022. On July 20, 2022, this Court granted Defendants' motion to compel arbitration.

Subsequently, Plaintiff initiated arbitration with JAMS and Laura Abrahamson was selected as the Arbitrator (the "Arbitrator"). After several months of discovery, an arbitration hearing was held on November 6-10, 2023, in Walnut Creek. The parties submitted closing briefs in the following months.

On May 15, 2024, the Arbitrator issued an Interim Award. (*See* Declaration of Corey B. Bennett ("Bennett") ¶ 8, **Exhibit A**). In sum, the Arbitrator ruled in Plaintiff's favor on her claims of racial harassment and failure to prevent harassment. As the prevailing party, Plaintiff requested

attorneys' fees and costs, and the parties submitted briefing thereafter.

On August 20, 2024, the Arbitrator issued a Final Award, awarding Plaintiff $650,000 for emotional distress, $17,273.97 in interest, attorneys' fees of $878,468.50, and costs of $64,017.09, for a total of $1,609,759.56, plus continuing interest as of that date. (*Id.*, ¶ 9, **Exhibit B**).

The Final Award is final and binding on the parties and was made in accordance with the parties' arbitration agreement and the Federal Arbitration Act ("FAA"). Pursuant to section 9 of the FAA this Court should confirm the Final Award and enter judgment in favor of Plaintiff and in favor of Plaintiff's counsel.

## II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed her initial action on January 27, 2022, in the Superior Court for the County of Santa Clara, which was then removed to the Northern District of California on March 17, 2022. This Court granted Defendants' motion to compel arbitration on July 20, 2022.

Plaintiff filed a demand for arbitration with JAMS on August 31, 2022, asserting causes of action, for (1) sexual and racial harassment in violation of FEHA; (2) gender and racial discrimination in violation of FEHA; (3) failure to take steps necessary to prevent harassment, discrimination and/or retaliation in violation of FEHA; (4) retaliation in violation of FEHA; (5) intentional infliction of emotional distress; (6) negligent hiring, supervision and/or retention; and (7) constructive discharge in violation of public policy. (Bennett ¶ 4; **Exhibit C**) No answer was filed by Defendants, but pursuant to JAMS Rule 9(e) all claims are deemed denied.

After the appointment of Laura Abrahamson as Arbitrator, the parties provided initial disclosures and conducted discovery. (*Id.* ¶ 5). On June 22, 2023, the Arbitrator denied Defendants' request for leave to file a dispositive ruling—finding that Defendants failed to meet their burden under JAMS Rule 18 that such motion was likely to succeed. (*Id.* ¶ 5, **Exhibit D**). Prior to the hearing, Plaintiff dismissed Kenny Griffin as a respondent, as well as her claim for constructive discharge.[1] The parties engaged experts and otherwise prepared for hearing (*Id.* ¶ 5)

//

---

[1] Plaintiff did not pursue a negligent supervision claim after asserting it in her arbitration demand. (Bennett ¶ 7)

### A. The Arbitration Hearing and Ruling

An evidentiary hearing was held before the Arbitrator from November 6-10, 2023 at the JAMS Resolution Center in Walnut Creek. Ten witnesses, including the parties' experts, testified over five days. (*Id.* ¶ 6) At the conclusion of the hearing, the parties agreed on a closing briefing schedule, with filings submitted on December 22, 2023, February 6, 2024, February 23, 2024, March 4, 2024 and March 13, 2024. On April 5, 2024, the Arbitrator requested additional briefing to clarify two issues, which the parties submitted on April 15, 2024. (*Id.* ¶ 6)

On May 15, 2024, the Arbitrator issued an Interim Award—ruling in favor of Plaintiff on racial harassment and failure to prevent harassment claims, denying all other claims, and inviting a request for attorneys' fees and costs. (Bennett ¶ 8, **Exhibit A**). On June 5, 2024, Plaintiff submitted a motion for attorneys' fees and costs. (*Id.*) Defendants filed their opposition on June 26, 2024, and Plaintiff submitted her reply on July 23, 2024. (*Id.*)

On August 20, 2024, the Arbitrator issued a Final Award, incorporating her prior ruling in Plaintiff's favor and award of $650,000 for emotional distress, and further awarding $17,273.97 in interest, attorneys' fees of $878,468.50, and costs of $64,017.09, for a total of $1,609,759.56, plus continuing interest as of that date. (*Id.*, ¶ 9, **Exhibit B**) The Final Award included a 1.3 multiplier based on contingency and risk factors involved in the litigation. (*Id.*)

### III. THE COURT SHOULD CONFIRM THE FINAL AWARD AND ENTER JUDGMENT

Section 9 of the FAA (9 U.S.C. § 9) governs confirmation of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C.§ 9. "Review of an arbitration award itself is 'both limited and highly deferential.'" *DeMartini v. Johns* 693 F. App'x 534, 436 (9th Cir. June 7, 2017) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.,* 84 F.3d 1 186, 1190 (9th Cir. 1996)). A district court will set

aside an arbitrator's decision "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942 (1995).

Section 10 (9. U.S.C. § 10) provides a district court may vacate an arbitration award under the following circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or,

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a)(1)-(4). "The [] grounds [in § 10] afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp v. Prudential-Bache Trade Serv. Inc.,* 341 F.3d 987, 998 (9th Cir. 2003) (en banc). These grounds are "the exclusive means by which a court reviewing an arbitration award under the FAA may grant vacatur of a final arbitration award." *Biller v. Toyota Motor Corp.,* 668 F.3d 655, 664 (9th Cir. 2012) (citing *Kyocera,* 34 F.3d 987 (9th Cir. 2003) and *Hall St. Assoc., LLC v. Mattel, Inc.,* 552 U.S. 576 (2008)).

An arbitrator exceeds her power not by merely interpreting or applying the governing law incorrectly, but when the award is "completely irrational, or exhibits a manifest disregard of law." *Kyocera,* 341 F.3d at 997. To vacate an arbitration award for manifest disregard of the law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir. 1995).

Section 11 (9 U.S.C. § 11) provides that a district court may modify or correct an arbitration award under the following circumstances:

(a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;

(c) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)-(c). These three provisions, §§ 9-11, "substantiat[e] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs.,* 552 U.S. at 588. "Any other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely the prelude to a more cumbersome and time-consuming judicial review process ... and bring arbitration theory to grief in post arbitration process." *Id.*

"Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard [and] a court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ and 11." *Bosack v. Soward,* 586 F.3d 1096, 1102 (9th Cir. 2009) (citations omitted).

Here, the Court should confirm the Final Award because the requirements of section 9 are met. 9 U.S.C. § 9. The Arbitration Agreement was determined by this Court to be binding and enforceable between the parties. (Dkt. 28). The Final Award issued on August 20, 2024 is properly supported. This motion is made within one (1) year of the date that the Final Award was issued.

Finally, the Final Award should also be confirmed because there are no grounds to vacate, modify, or correct the award under sections 10 (9 U.S.C. § 10) and 11 (9 U.S.C. § 11) of the Federal Arbitration Act.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Issue an Order confirming the Final Award;
2. Enter judgment in favor of Shanel Dickson and against Defendants Tesla Energy Operations, Inc. and Tesla, Inc. in the amount of $650,000 in past non-economic damages, plus continuing interest after May 15, 2024 at 10% per annum until paid; attorneys' fees and costs in the amount of $942,485.59 ($878,468.50 in fees, plus $64,017.09 in costs), plus

continuing interest after August 20, 2024 at 10% per annum until paid;[2] and

3. Any such further relief as the Court deems just and proper under the circumstances.

DATED: August 23, 2024

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____
Matthew J. Matern
Joshua D. Boxer
Corey B. Bennett
Clare E. Moran
Attorneys for Plaintiff
SHANEL DICKSON

---

[2] The fees awarded in the Final Award did not include post-arbitration fees or costs. Should Defendants oppose this motion or file a separate motion to vacate or modify the award, Plaintiff reserves the right seek additional fees and costs under California Government Code Section 12965(b).